```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA              *

      vs.                              *   CRIMINAL NO. MJG-14-0405

HOWARD JAMES CLEM, IV                 *

\*     \*     \*     \*     \*     \*     \*     \*

MEMORANDUM AND ORDER

The Court has before it Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence [ECF No. 111]. The Court finds that a hearing is unnecessary.

I.    BACKGROUND

In this case, the Government charged that Petitioner Howard James Clem IV and co-defendant Erin Elizabeth Mali had a relationship from June 2012 until June 2013 that included sexual relations and the receipt by Petitioner of child pornography from Ms. Mali. He was charged in four Counts with:

      1. Conspiracy to Distribute and Receive Child Pornography, 18 U.S.C. § 2252(a)(2);

      3. Receipt of Child Pornography, 18 U.S.C. § 2252(a)(2);

      5. Receipt of Child Pornography, 18 U.S.C. § 2252(a)(2); and

      8. Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B).

Petitioner rejected offered plea agreements and denied that he knowingly received any child pornography.  Petitioner contended – based upon his own testimony supported by a demonstration - that the transmissions of photographs to him were too small and blurry to be understood as child pornography and denied having sexual relations with the co-defendant.  At trial, the jury rejected Petitioner's defense and on January 30, 2015, convicted him on all charges.

On May 27, 2015, the Court imposed a concurrent sentence of 108 months of incarceration on each Count for a total of 108 months of incarceration followed by supervised release for life. See Judgment [ECF No. 82].  Petitioner's conviction and sentence were affirmed on appeal.

As stated by the appellate court,

> "the only element that Clem contests on appeal is whether or not he knew that the charged depictions involved a minor engaging in sexually explicit conduct.  Clem asserts that he received blurry, postage-stamp sized images on his phone and that there is no evidence that he ever opened the pictures.  Because 18 U.S.C. §§ 2252(a), 2252A (2012) do not criminalize inadvertent receipt or possession of illicit materials, the Government must present proof of at least circumstantial evidence of the requisite knowledge.  See United States v. Ramos, 685 F.3d 120, 130–31 (2d Cir. 2012) (collecting cases)."

\*         \*         \*

> "Here, the Government produced evidence that
> Clem repeatedly commented on the images of
> child pornography that were sent to him and
> that he requested sexually explicit images
> of a specific child on numerous occasions.
> While Clem testified that he only guessed at
> the content of the images, the jury rejected
> his testimony. Witness credibility is
> within the sole province of the jury, and we
> will not reassess the credibility of
> testimony. United States v. Saunders, 886
> F.2d 56, 60 (4th Cir. 1989). We find that
> the circumstantial evidence presented by the
> Government was more than sufficient to show
> that Clem opened the files at issue and,
> thus, that his violation of the statute was
> knowing."

United States v. Clem, 644 F. App'x 238, 239 (4th Cir. 2016), cert. denied, 136 S. Ct. 2524 (2016) ("Appellate Decision").

By the instant Motion, timely filed pursuant to 28 U.S.C. § 2255, Petitioner seeks to have his conviction and sentence vacated.

II. GROUNDS ASSERTED

Petitioner presents an array of contentions to support his claim that he did not receive the effective assistance of counsel from his trial attorney ("Trial Counsel") in pre-trial proceedings, at trial in re-trial proceedings, at trial and in regard to his appellate proceedings.

In order to prevail on a claim that counsel's

3

representation violated his Sixth Amendment right to effective assistance of counsel, Petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness,"[1] and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the proceedings]."  <u>Id</u>. at 694.

As discussed herein, the Court finds that Petitioner has not established a denial of the effective assistance of counsel warranting a vacation of his conviction and sentence.

A. <u>Pre-Trial Proceedings</u>

Petitioner asserts that his Trial Counsel failed to provide effective assistance in the course of pretrial proceedings by:

> 1. Advising Petitioner to reject a plea agreement offered in a related state prosecution,
>
> 2. Failing to question why there were four federal charges,
>
> 3. Failing to file pretrial motions, and
>
> 4. Failing to research federal trial procedures.

---

[1]  Thus overcoming a presumption that counsel's conduct (<u>i.e.</u>, representation of the criminal defendant) was reasonable.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).

These contentions shall be addressed in turn.

1. State Plea Agreement

Petitioner was originally charged by the State of Maryland with two counts of using a computer for the purpose of facilitating sadomasochistic abuse or sexual conduct of a minor under § 11-207(a)(5) of the Maryland Criminal Code. The State of Maryland offered the Defendant a plea deal, whereby he could plead guilty to one count and then serve three months at a detention center followed by three months on house arrest. See Pet'r Mot. to Vacate, Set Aside, or Correct Sentence at 4, ECF No. 111. The state plea agreement would have also resulted in suspended time, supervised probation (with various conditions), sex offender evaluation and treatment, and the potential for probation before judgment after five years of probation. Gov. Opp. to Pet'r Mot. at 3, ECF No. 118. Petitioner was advised fully of the potential agreement and warned that if it was turned down, he would be prosecuted in federal court and face a potentially greater sentence with a mandatory minimum sentence of five years. Trial Counsel advised Petitioner to reject the offer. He did so and was charged in the instant federal case that resulted in his receiving a nine-year sentence.

The Court does not find Trial Counsel's advice to reject the state plea agreement to have denied Petitioner effective legal assistance. Petitioner had available a plausible defense theory based upon his own testimony that could have been accepted by a reasonable jury and could have resulted in his acquittal. While the defense position was ultimately not accepted by the federal jury, Petitioner knew of this possibility when he decided to reject agreeing to the state plea deal and chose to take the risk of a federal trial that could have, and did, result in his federal conviction and sentence.

Petitioner asserts that Trial Counsel did not adequately explain to him the possession, receipt, and distribution aspects of the federal charges he faced. He does not establish that any such explanation would have changed his resolution not to plead guilty to any charge.

In a Lafler/Frye[2] hearing before Magistrate Judge Coulson, Petitioner confirmed his rejection of a federal offer of a plea agreement, his continuing denial of guilt, and his determination to proceed to trial on the charges against him.

The Court finds that Petitioner made a rational and informed choice to take the risk of rejection of his defense

---

2  An ex parte proceeding regarding Petitioner's rejection of a plea offer. Lafler v. Cooper, 566 U.S. 156 (2012); Missouri v. Frye, 566 U.S. 134 (2012).

theory rather than plead guilty to the charges against him. The Court does not find Trial Counsel's advice to proceed to trial an inadequate strategic decision even though – as it happened - Petitioner was not believed by the jury, and the risk of conviction at trial became a reality.

   2.  The Four Federal Charges

Petitioner has not suggested any potentially valid objection that Trial Counsel could have made to the inclusion of the four Counts in the Indictment. In the Lafler/Frye hearing in which Petitioner confirmed his desire to proceed to federal trial, it was clearly confirmed that there were four federal charges Petitioner faced. Moreover, the trial Court imposed a concurrent sentence on all Counts so that the sentence received was the same as would have been imposed had there been only one Count of conviction.

   3.  Pretrial Motions

Petitioner does not suggest any potentially meritorious pretrial motion that Trial Counsel could have, and should have, made that could have avoided his conviction.

   4.  Pretrial Research

It is true that Trial Counsel was conducting his first federal trial. However, a lack of experience does not justify a finding or create a presumption of incompetence. "Every experienced criminal defense attorney once tried his first criminal case." United States v. Cronic, 466 U.S. 648, 665 (1984).

The Court finds that Trial Counsel adequately presented Petitioner's defense for consideration by the jury. Moreover, Petitioner has not identified any particular research subject that he claims Trial Counsel should have explored that would have made any difference in the trial result. The jury's rejection of the defense theory was based upon its rejection of the Petitioner's credibility and not any rejection of Trial Counsel or his skill in presenting the case.

B. Trial Proceedings

Petitioner asserts that his Trial Counsel failed to provide effective assistance in the course of trial by:

> 1. Failing to argue about the size of the pictures shown to the jury,
>
> 2. Failing to argue about the co-defendant's daughter's age,
>
> 3. Failing to argue that Petitioner made no attempt to meet the co-defendant or her daughter,

8

4. Failing to properly question Detective Williams,

5. Failing to object to the introduction of certain photos in evidence,

6. Failing to object to the Government allegation that Petitioner did not disclose and return seized evidence,

7. Failing to introduce a timeline of communications between Petitioner and co-defendant,

8. Failing to object to testimony of co-defendant while not properly medicated,

9. Failing to object to retaining a juror who slept during trial, and

10. Failing to properly argue about the conspiracy and certain photographic evidence.

These contentions shall be addressed in turn.

1. <u>Size of Pictures</u>

The essence of the defense was based upon Petitioner's testimony that he did not know that the photographs co-defendant sent to him constituted child pornography. Trial Counsel was able to provide an adequate demonstration to enable the jury to appreciate Petitioner's experience when receiving the photographs. That is, Trial Counsel was able to demonstrate to the jury Petitioner's contention that the receipt of blurred small images that he received did not reveal they were child pornography. According to Petitioner, he did not click upon the

9

photographs to obtain clarity.  While Petitioner was not provided the opportunity to use the charged child pornographic photos in his demonstration, pursuant to 18 U.S.C. § 3509(m) he was not entitled to do so.

The Court finds that had Petitioner been allowed to reproduce the child pornography at issue for his trial demonstration, he would not have succeeded in changing the trial result.

### 2. Co-defendant's daughter's age

Trial Counsel chose not to ask witnesses about the actual age of the co-defendant's daughter with whom Petitioner allegedly had a sexual interest.  The age of this girl, referred to on the record as being young, was not relevant to the charges.  None of the charged child pornography included a picture of her.  And, Petitioner does not suggest how Trial Counsel's asking about the age of the girl or commenting upon it would be likely to have resulted in an acquittal.

### 3. Efforts to Meet Co-defendant or daughter

Petitioner claims that Trial Counsel should have argued that he made no attempt to meet co-defendant's daughter. Petitioner has not shown that such an argument would have been

successful in light of the evidence of Petitioner's frequent communications with the co-defendant as well as testimony of the co-defendant that refuted Petitioner's denial of a sexual relationship.

4. <u>Detective Williams</u>

Petitioner contends that Trial Counsel erred in questioning Detective Williams about the absence of evidence of child-pornography related conversations Petitioner had with persons other than the co-defendant. This questioning opened the door to allow the Government to introduce Fed. R. Evid. Rule 404(b) evidence about other conversations Petitioner had on the internet. If the question was a tactical error,[3] Petitioner has not shown that the significance of the Rule 404(b) evidence was sufficient to support the conclusion that its omission would have resulted in his acquittal rather than his conviction.

5. <u>Certain Uncharged Photographic Evidence</u>

Petitioner complains that Trial Counsel did not object to the admission of certain photographs that were not charged items. These photographs, all of which had been sent to

---

[3] Trial Counsel may well have considered the value of the testimony obtained to be greater than such downside, if any, as may have resulted from the Rule 404(b) evidence it enabled.

Petitioner by his co-defendant, were not child pornography although some were sexual in nature. It is by no means clear that an objection to these photographs would have been sustained inasmuch as the sexual photographs supported the Government theory of the type of relationship Petitioner was seeking with the co-defendant. Moreover, Petitioner has not shown the significance, if any, of these photographs in regard to the jury verdict.

6. Disclosure and Return of Evidence

Petitioner contends that Trial Counsel failed to object to the Government's allegation that he had failed to disclose and return all items originally seized by the State and County. This appears to be a complaint about the testimony of F.B.I. Agent Corn that Petitioner asserts was perjurious. It appears that Trial Counsel's performance was reasonable in regard to a mix-up over the Government's not obtaining certain evidence from Petitioner. Petitioner has not presented the allegation clearly and, most certainly, has not shown that Special Agent Corn committed perjury or that the entire matter was significant in the context of the trial and verdict of guilt.

7. Timeline

Petitioner asserts that Trial Counsel incompetently failed to introduce a timeline of communications between himself and his co-defendant. This argument, repackaged from his appeal, is of little or no moment.

As stated in the Appellate Decision:

> The disputed records showing telephone conversations between Clem and his coconspirator, which corroborated the coconspirator's testimony, are not favorable to Clem. The records were turned over when received and, thus, were not suppressed. Finally, whether or not Clem and his coconspirator spoke on the phone was not material to Clem's defense that his relationship with his coconspirator was strictly role playing and that he did not want his coconspirator to send him child pornography.

United States v. Clem, 644 F. App'x 238, 241 (4th Cir. 2016), cert. denied, 136 S. Ct. 2524 (2016).

Petitioner has not shown that the introduction of a conversational timeline would have been favorable to him, much less that it would have made an acquittal a reasonable probability.

8. Co-defendant's Medication

Petitioner contends that Trial Counsel failed to object to the testimony of the co-defendant had not been properly medicated prior to her trial testimony. Petitioner does not

suggest what objection would have been successful since the co-defendant testified that she felt good and understood what was being asked of her. The jury was aware of her medication problem. She was not shown to have been unable to testify. Moreover, Petitioner does not suggest how her testimony would have been less harmful to him had it been deferred until after she received any medication.

9. Sleeping Juror

Petitioner complains that Trial Counsel did not seek to have the judge discharge a juror who fell asleep during trial. The Court does not find the tactical decision of Trial Counsel in this regard to constitute a denial of the effective assistance of counsel. Trial Counsel had to make a judgment as to whether, in deliberations, the juror in question would be more or less favorable to the defendant than the replacement would have been. Petitioner has presented no basis for the Court to conclude that Trial Counsel's decision was erroneous and certainly has not shown that the substitution of an alternate juror would probably have titled the jury verdict in favor of Petitioner.

10. Conspiracy Argument

Petitioner contends that Trial Counsel should have based some argument on the fact that the charged child pornography was not of co-defendant's daughter and had been created in North Carolina by persons having nothing to do with the Petitioner or the co-defendant. However, the absence of a relation of Petitioner to the children in the pornography is irrelevant to the charges faced. The charged photographs were proven to be child pornography and the specific identity of the children is immaterial. Petitioner has not suggested any potentially successful argument that Trial Counsel could have made that he failed to make.

C. Appellate Proceedings

Petitioner asserts that his Trial Counsel failed to provide effective assistance in the course of trial by failing to timely supply appellate counsel with evidence.

Petitioner has not presented any reason to find that any harm was caused by the timing of Trial Counsel's presentation of evidence to appellate counsel. Certainly, there is no basis to find that the Fourth Circuit would have reached a different result had Trial Counsel been timelier.

VI. <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [ECF No. 111] is DENIED.

SO ORDERED, this <u>Wednesday, September 20, 2017</u>.

<pre>                          _____/s/_____
                           Marvin J. Garbis
                        United States District Judge</pre>